HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OCEAN BEAUTY SEAFOODS LLC, an Alaska limited liability company, and MICHAEL COULSTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SEAFOOD GROUP ACQUISITION COMPANY INC. d/b/a, Pacific Seafood Group and Pacific Seafood Group, Inc., an Oregon Corporation, and DULCICH, INC., d/b/a, Pacific Seafood Group, Inc.<br><br>Defendant. | No. 14-cv-01072-RSM<br><br>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>NOTED ON MOTION CALENDAR:<br>July 24, 2015 |

## I. RELIEF REQUESTED

Plaintiff Michael Coulston ("Mr. Coulston") is the prevailing party in this action through which Pacific Seafood[1] has unsuccessfully attempted to enforce Restrictive Covenants contained in Mr. Coulston's Employment Agreement with Pacific Seafood (the "Agreement"). On June 25,

---

[1] Defendant Pacific Seafood Group Acquisition Company, Inc. d/b/a, Pacific Seafood Group and Pacific Seafood Group, Inc., an Oregon Corporation, and Defendant Dulcich, Inc., d/b/a, Pacific Seafood Group, Inc. are allegedly affiliated entities which are collectively referred to herein as "Pacific Seafood".

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 1
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

2015, this Court denied Pacific Seafood's Renewed Motion for Preliminary Injunction (Dkt. No. 53) and directed the Plaintiffs to file a separate motion for attorney's fees. *See* Dkt. No. 61 at 17-18. Accordingly, Plaintiffs respectfully request that this Court enter judgment against Pacific Seafood in the amount of $136,218.00 as reasonable attorneys' fees plus $1,275.20 in costs for a combined total award of $137,493.20. The Declaration of Marcia P. Ellsworth ("Ellsworth Decl.") is filed contemporaneously in support of this motion.

## II. STATEMENT OF FACTS

This action involves Pacific Seafood's unsuccessful attempt to enjoin Mr. Coulston from working for his current employer, Plaintiff Ocean Beauty Seafoods LLC ("Ocean Beauty"),[2] based primarily on the one year Restrictive Covenants in Section 7 of the purported Agreement between Mr. Coulston and Pacific Seafood.[3] *See*, *e.g.*, Dkt. Nos. 13, 15, and 53. Section 11 of the Agreement provides that it "will be construed and interpreted in accordance with the laws of the State of Oregon." *See* Dkt. No. 24-1 at 5. In part, Section 8 of the Agreement provides as follows:

> In the event that we institute legal action against you to enforce the above **Confidential Matters** and/or **Restrictive Covenants** provisions, and in the event that such action leads to or results in a court decision or settlement in our favor, you agree to fully reimburse us for our legal fees and related costs involved in our pursuing such action against you, both in a lower court and on appeal.

*See* Dkt. No. 24-1 at 5.

On June 25, 2015, this Court entered an order denying Pacific Seafood's Renewed Motion for Preliminary Injunction and its related request for equitable extension of the Restrictive Covenants contained in the Agreement, and invited Plaintiffs as the prevailing party

---

[2] Ocean Beauty and Mr. Coulston are collectively referred to herein as "Plaintiffs".
[3] Pacific Seafood initially sought an injunction based in part on alleged violations of Washington's Uniform Trade Secrets Act, RCW 19.108 *et seq.*, Uniform Trade Secrets Act, RCW. *See* Dkt. #12 at Counterclaim ¶ ¶ 4.2-4.31. However, in its Renewed Motion for Preliminary Injunction (Dkt. No. 53), Pacific Seafood abandoned its claims based on the Uniform Trade Secrets Act. *See* Dkt. No. 53 *and* Dkt. No. 61 at 4.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 2
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

to file a Motion for Attorney's Fees. *See* Dkt. No. 61 at 17-18.

### III. STATEMENT OF ISSUES

1. Whether Plaintiff Michael Coulston is entitled to an award of attorneys' fees and costs as the prevailing party where this Court denied Defendant Pacific Seafood's two Motions for Preliminary Injunction, section 8 of the Agreement unilaterally provides for the possibility of an award of fees and costs in favor of Pacific Seafood, and such "unilateral" fee provisions apply "reciprocally" under both Oregon and Washington law.

2. Whether the amount of fees and costs requested is reasonable based on the pertinent factors set forth in ORS 20.075(1) and (2) including because the amount is based on hourly rates which are significantly lower than the rates charged by counsel for Pacific Seafood.

### IV. EVIDENCE RELIED UPON

This Motion for Award of Attorneys' Fees and Costs relies on the Declaration of Marcia P. Ellsworth and the records on file in this action.

### V. AUTHORITY

**A.  Plaintiff Coulston is entitled to an award of attorney's fees and costs as the prevailing party under section 8 of the Agreement.**

Again, section 8 of the Agreement contains a provision which unilaterally provides for the possibility of an award of fees and costs in favor of Pacific Seafood (but not for Mr. Coulston). *See* Dkt. No. 24-1 at 5, Agreement, § 8. In Oregon,[4] as in Washington, a contractual provision which "unilaterally" provides for a fee award to one, but not both parties to a contract, must apply "reciprocally" to both parties. *See* ORS 20.096; *cf.* RCW 4.84.330.[5] Under such a

---

[4] The parties agree that Oregon law applies to the claim based on the Agreement. *See* Dkt. No. 3 at 10 *and* Dkt. No. 53 at 2, 4. In this regard, state law governs an award of attorneys' fees in diversity cases. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law") (internal quotation marks omitted). As a result, the Agreement is to be construed in accordance with Oregon Law. *Id.*; *see also* Dkt. No. 24-1 at 5, Agreement, § 11 (providing that Oregon law applies). Generally, "a court awards attorney fees to a litigant only if a statute or contract authorizes such an award." *Swett v. Bradbury*, 335 Or. 378, 381, 67 P.3d 391, 392 (2003).

[5] Washington law is cited to the extent that it applies to Plaintiffs' request for a preliminary injunction relating to its

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 3
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

"reciprocal" fee provision, Mr. Coulston is entitled to an award of fees and costs incurred in successfully opposing this action to enforce the Restrictive Covenant provisions in the Agreement. *See* ORS 20.096. Further, Mr. Coulston's right to receive fees under the contractually provided fee provision in the Agreement is not affected in the event that this Court ultimately finds that the Agreement is void, in whole or in part. *See* ORS 20.083.

Mr. Coulston initially filed this lawsuit asking for a declaration that the Restrictive Covenants in the Agreement were unenforceable, and then he was forced to respond to Pacific Seafood's multiple motions for preliminary injunction, including a Ninth Circuit appeal, regarding the enforceability of the Restrictive Covenants. *See* Dkt. Nos. 1, 13, 41, 53. Although Pacific Seafood alleged a number of different claims against the Plaintiffs in its Counterclaim, some of which are still pending, Oregon law specifically allows an award of attorney's fees and costs on a claim by claim basis. *See* ORS 20.077. Further, where there are multiple claims and/or counterclaims as there are here, the analysis required by ORS 20.077(1) requires the court to determine the prevailing party on a claim by claim basis. This analysis means that for each claim and counterclaim on which attorney fees are to be awarded, the court should identify the party who received a favorable judgment on that claim and is therefore the prevailing party on that claim. *Beggs v. Hart,* 221 Or. App. 528 (2008); *see also Robert Camel Contracting Company Inc. v Krautscheid,* 205 Or. App. 498, 503-505,134 P.3d 1065 (2006).

A prevailing party is defined as the party who receives a favorable judgment or arbitration award on the claim. ORS 20.077(2). Because Mr. Coulston was successful in defeating the two Motions for Preliminary Injunction as well as the request for equitable extension of the

---

claim for breach of Washington's Uniform Trade Secrets Act, RCW 19.108 *et seq.*, asserted in Pacific Seafood's First Motion for Preliminary Injunction (Dkt. No. 13 at 15-16.)

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 4
(14-cv-01072-RSM )

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

Restrictive Covenants pursuant to this Court's Order of June 25, 2015,[6] he is a prevailing party. The Restrictive Covenants have now expired, and Pacific Seafood's claim for an injunction against Mr. Coulston on the basis of the Restrictive Covenants is now extinguished. Since Mr. Coulston prevailed in defeating Pacific Seafood's two Motions for Preliminary Injunction Pacific Seafood no longer can enjoin Mr. Coulston from working at Ocean Beauty.[7] Based on the foregoing, Pacific Seafood is liable to Mr. Coulston for all reasonable attorney's fees, paralegal fees and all other fees, costs and expenses actually incurred and reasonable necessary in conjunction with his successful defense of Pacific's claim for an injunction to prevent him from working at Ocean Beauty between July 2, 2014 and July 2, 2015.

**B.   The requested fees and costs are reasonable based on the pertinent factors set forth in ORS 20.075(1) and (2).**

Attorney fee awards under Oregon law are generally made in reference to the factors listed in ORS 20.075(1) and (2). These statutory provisions provide that in determining the amount of an award of attorney fees, the court may consider the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services;
>
> (b) the likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases;
>
> (c) the fee customarily charged in the locality for similar legal services;
>
> (d) the amount involved in the controversy and the results obtained;
>
> (e) the time limitations imposed by the client or the circumstances of the case;

---

[6] Dkt. No. 61.

[7] In its first Motion Pacific Seafood argued that it was likely to success on its Washington Trade Secret Act claim and asked that a preliminary injunction be imposed on that basis as well. The Motion was denied and Pacific Seafood did not appeal or further pursue that claim. Thus Mr. Coulston is the prevailing party on the trade secret claim as well.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 5
(14-cv-01072-RSM )

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

(f) the nature and length of the attorney's professional relationship with the client;

(g) the experience, reputation and ability of the attorney performing the services; and

(h) whether the fee of the attorney is fixed or contingent.

*See* ORS 20.075(1) and (2).

In determining reasonable attorney fees, a district court has "considerable discretion" in determining the reasonableness of attorney fees. *Webb v. Ada County, Idaho*, 195 F.3d 524, 527 (9th Cir.1999). ORS. 20.075(2)(a-h). The reasonableness of the number of hours is assessed "by examining the time, labor, skill and difficulty of issues along with the amount involved and the results obtained." *Kraft v. Arden*, 2009 U.S. Dist. Lexis 19445, at *15 (D. Or. Mar. 9, 2009). "Courts determine the reasonable hourly rate by looking at the fee customarily charged in the experience, reputation and ability of the attorney locality and the experience, reputation and ability of the attorneys involved." *Id.*

The time entries listed in Exhibit A of the Declaration of Marcia P. Ellsworth (the "Client Ledger") are based on contemporaneous time records kept by the timekeepers. Some entries in the Client Ledger have been redacted to protect against disclosure of information protected by the attorney client privilege or work-product doctrine.[8] The time records are shown as they were actually billed before the discount was applied. Peterson Russell Kelly applied a discount in the total amount of $18,449.50 to the invoices, in part to account for the clerical work performed by Peterson Russell Kelly paralegals in conjunction with their paralegal work.

---

[8] Reasonable attempts have been made to appropriately redact the attached billing summaries, however, in the event that privileged and or work product information was inadvertently disclosed, the Plaintiffs do not waive any such privilege and reserve the right to further redact the information.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 6
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

The hourly billing rates sought by Plaintiffs' counsel to compensate them for work performed in this matter are reasonable and are less than the hourly rates typically charged in this community by attorneys of similar experience, reputation, and skill in litigation. *See* Decl. Ellsworth. Peterson Russell Kelly significantly discounts its billing rate for Ocean Beauty Seafood, due to the volume of work that is performed. *Id.* The tasks and attorney fees described in the Client Ledger were reasonably and necessarily incurred in connection with this matter. With the exception of the discount described below, all sums in the Client Ledger have been paid. For convenience, a summary of the billing statements is as follows:

| Initials | Timekeeper | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|
| JDB | Joshua D. Brittingham | 188.10 | $240.00 | $44,931.00 |
| MPE | Marcia P. Ellsworth | 310.60 | $270.00 – 285.00 | $83,923.50 |
| CF | Carolyn Frederick | 18.50 | $225.00 | $3,850.00 |
| DCK | David C. Kelly | 72.70 | $300.00 | $16,357.50 |
| JLL | Jenny Lebeau | 11.10 | $120.00 | $1,332.00 |
| AMG | Anna Maria Garnier | 49.65 | $110.00 | $3,921.50 |
| RWW | Rachel White | 3.20 | $110.00 | $352.00 |
| | | | Total fees incurred to date | $153,182.50 |
| | | | Less discount applied | ($ 18,449.50) |
| | | | **Total fees billed to date** | $136,218.00 |

Perhaps the most succinct and reliable test of the reasonableness of the Peterson Russell Kelly fees can be determined in comparing the hourly rates of Peterson Russell Kelly to the hourly rates of Miller Nash Graham and Dunn, counsel for Pacific Seafood. In this regard, on June 5, 2015 Bruce Campbell, counsel for Pacific Seafood, filed an Application for Attorney

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 7
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

Fees with the Ninth Circuit for the appellate-only portion of the case.[9] In this Application Pacific Seafood claimed that the Ninth Circuit opinion was a "court decision in [its] favor" and sought an award in the amount of $136,495.40 from Michael Coulston only, which constituted all of its fees[10] incurred with regard to the appeal. *Id.*

Mr. Campbell stated in his supporting declaration that the Miller Nash Graham & Dunn billing rates and amounts billed were reasonable and appropriate rates for the attorneys who performed the tasks, as compared to other lawyers of similar experience in the Seattle, Washington, and Portland, Oregon, legal communities. *See* Memorandum in Support of Appellant's Application for Attorney Fees, Ninth Circuit Case No. 14-35950, Docket no. 41-2. The hourly rate varied from $300.00 for a junior associate to $580.00 per hour for Mr. Campbell; the Peterson Russell Kelly rates are all significantly lower than the Miller Nash rates. Mr. Campbell also testified in his declaration that the tasks and attorney fees described in the Client Ledger were reasonably and necessarily incurred in connection with the appeal in this matter. The Ninth Circuit denied the Application.[11]

Given that the hourly rates of Plaintiffs' attorneys are substantially lower than Pacific Seafood's attorneys' rates and Pacific Seafood's attorneys previously argued in this case that its (much higher) rates were reasonable and necessary, it cannot argue with any credibility that the fees requested in this Motion are either unreasonable or unnecessary. Further, in accordance with

---

[9] *See* Ninth Circuit Case No. 14-35950, Dkt. No. 41-2.
[10] The total fees were $166,284.00 and a discount of $29,788.60 was previously provided to Pacific Seafood by its attorneys. *See* Ninth Circuit Case No. 14-35950, Dkt. No. 41-2 at 8.
[11] In denying the Application for fees, the Ninth Circuit states – "We did not grant a preliminary injunction on appeal. Rather, we merely vacated an order that denied preliminary injunctive relief and remanded the matter for the district court to reconsider Pacific Seafood's preliminary injunction motion. Pacific Seafood's preliminary injunction motion is still pending before the district court. *See* Ninth Circuit Case No. 14-35950, Dkt. No. 43. As such, Pacific Seafood is not a prevailing party under Oregon law. *See* O.R.S. § 20.077.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 8
(14-cv-01072-RSM )

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

its customary practices, Plaintiffs' counsel staffed this case with attorneys and paralegals of varying experience levels. Tasks that required the attention of a more experienced attorney generally were performed by the more experienced attorney. Tasks that could be performed more cost-efficiently by a less experienced attorney or paralegal were assigned to a less experienced attorney or paralegal. Specifically, in this case, because a number of Plaintiffs' responses were required on an expedited basis, or were related to responses to multiple motions due at the same time, Peterson Russell Kelly undertook a team approach so that the necessary tasks and work could be completed on a timely basis. *See* Ellsworth Dec.

Finally, the hourly rates of the paralegals ($110-120) are reasonable and in line with hourly rates typically charged in this community by paralegals and paralegal assistants of similar experience, reputation, and skill in litigation. Jenny Lebeau and Ana Maria Garnier are experienced paralegals, each with no less than five years of experience as a commercial litigation paralegal. Because Peterson Russell Kelly is a relatively small firm, each paralegal occasionally performs some clerical duties related to the matter that they are working on. In such cases, a discount is generally given to the client to reduce the total amount due and to account for the purely clerical work. Specifically, Peterson Russell Kelly provided discounts in the amount of $18,449.50, which more than accounts for any clerical work performed by paralegals. Thus, even though the Client Ledger shows some that paralegals performed some clerical work, the appropriate discounts have already been made and the hourly rate of both attorneys and paralegals at Peterson Russell Kelly are reasonable. Moreover, examination of the Client Ledger shows that there are multiple examples of both attorney and paralegal time entries that were either "no charged" or "written down." The discount amount of $18,449.50 was made in addition to the "write down/no charge" of several individual time entries. *See,* Ellsworth Decl.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 9
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

An award of costs in the amount of $1,275.20 is also requested by this Motion. The costs are itemized on the Exhibit A to the Ellsworth Declaration.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order requiring payment by Defendant to Plaintiffs in the total amount of **$137,493.20,** an amount which constitutes all of the Plaintiffs' fees, expenses, and costs, incurred in successfully defending against Defendant's Motions for Preliminary Injunction, plus an additional fees and costs incurred after July 5, 2015. Plaintiffs further request that the order direct the clerk court to enter judgment in the same amount.

## VII. <u>ORDER</u>

A proposed form of order accompanies this motion.

DATED: July 6, 2015

PETERSON RUSSELL KELLY PLLC

By <u>/s/ Marcia P. Ellsworth</u>
Marcia P. Ellsworth, WSBA # 14334
By <u>/s/ Joshua D. Brittingham</u>
Joshua D. Brittingham, WSBA # 42061
Peterson Russell Kelly PLLC
10900 NE 4th Street, Suite 1850
Bellevue, WA 98004-8341
Telephone: (425) 462-4700
mellsworth@prklaw.com
jbrittingham@prklaw.com
Attorneys for Plaintiffs Ocean Beauty Seafoods LLC and Michael Coulston

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 10
(14-cv-01072-RSM )

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the following documents with the Clerk of the Court and all parties of record using the CM/ECF transmission system.

1. Plaintiff's Motion for Attorneys' Fees and Costs;
2. Proposed Order;
3. Declaration of Marcia P. Ellsworth and Exhibit A thereto.

Under the laws of the State of Washington, the undersigned declares under the penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Bellevue, Washington, on July 6, 2015.

*/s/ Marcia P. Ellsworth*
Marcia P. Ellsworth

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 11
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY** PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

104400 236 ff099705kp.002

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND COSTS - 12
(14-cv-01072-RSM )

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**TELEPHONE (425) 462-4700 FAX (425) 451-0714**

104400 236 ff099705kp.002