UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OCEAN BEAUTY SEAFOODS LLC, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PACIFIC SEAFOOD GROUP ACQUISITION COMPANY INC., *et al.*,<br><br>　　　　　Defendants. | CASE NO. C14-1072RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs. Dkt. #63. Plaintiffs argue that because they were the prevailing parties on Defendants' prior motions for preliminary injunction, and because there is a unilateral attorney's fees clause pertaining to legal actions to enforce covenant clauses in Plaintiff Michael Coulston's former employment agreement, Oregon law mandates that Defendants now pay Mr. Coulston's attorney's fees and costs. *Id.* Defendants argue that Plaintiffs were not the "prevailing parties" as intended under Oregon law, and therefore the request for fees and costs should be denied. Dkt. #65. For the reasons set forth herein, the Court DENIES Plaintiffs' motion.

## II.　DISCUSSION

At issue on this motion is whether Plaintiffs are prevailing parties for purposes of an award of attorneys' fees and costs, and whether they are entitled to receive an award of such

ORDER
PAGE - 1

fees under Oregon law. Defendants argue that Plaintiffs are precluded from such an award by the law of the case doctrine and by judicial estoppel, primarily asserting that the Ninth Circuit has already determined that Plaintiffs are not prevailing parties under Oregon law. Dkt. #65 at 3-6. Specifically, Defendants assert that Plaintiffs are not prevailing parties because they have not received a favorable judgment on their claim, and this Court may not reconsider that assertion because it was decided by the Ninth Circuit when that court previously denied Defendants' request for attorneys' fees after it successfully appealed the Court's order on their initial motion for preliminary injunction. *Id.* The Court now finds that Plaintiffs are not prevailing parties at this juncture of the case, and therefore are not entitled to attorneys' fees and costs.

Both the United States Supreme Court and the Ninth Circuit Court of Appeals have discussed what is required to be considered a "prevailing party" on a claim: a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir. 2000). In other words, a party "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12; *UFO Chuting of Haw., Inc. v. Smith*, 508 F.3d 1189, 1197 (9th Cir. 2007). "Relief 'on the merits' occurs when the material alteration of the parties' legal relationship is accompanied by '*judicial imprimatur* on the change.'" *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (quoting *Buckhannon Bd. & Care Home,*

*Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

Although the Supreme Court has held that "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant," *Farrar*, 506 U.S. at 113, the Ninth Circuit has made clear that in certain circumstances, "prevailing party" status may be accorded to those who obtain injunctive relief. *See UFO*, 508 F.3d at 1197 (defining prevailing party as one who "achieves the objective of its suit by means of an injunction issued by the district court"); *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980) (per curiam) (holding that a plaintiff who obtains a preliminary injunction prevails on at least some of the merits of its claims); *Harris v. McCarthy*, 790 F.2d 753, 757 (9th Cir. 1986) (issuance of preliminary injunction, without more, warranted an award of attorneys' fees because the plaintiffs succeeded on a significant issue in the litigation and achieved some of the benefit they sought in bringing suit). "A preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy *Buckhannon*." *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002).

In *Higher Taste*, *supra*, the Ninth Circuit Court of Appeals recognized that "[p]recisely because the relief afforded by a preliminary injunction may be undone at the conclusion of the case, some inquiry into events postdating the injunction's issuance will generally be necessary." *Higher Taste*, 717 F.3d at 717. Indeed, if a party obtains a preliminary injunction but loses on the merits after a case is litigated to final judgment, that party is not a prevailing party. *Id.* By contrast, "when a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment, either by the passage of time or other circumstances beyond the

ORDER
PAGE - 3

parties' control, the plaintiff is a prevailing party eligible for a fee award." *Id.* (citing *Watson*, 300 F.3d at 1096). The reasoning for this is that the plaintiff "received relief that was as enduring as a permanent injunction would have been and, by virtue of the case's mootness, *that relief was no longer subject to being 'reversed, dissolved, or otherwise undone by the final decision in the same case*." *Id.* (citations omitted) (emphasis added).

Applying these legal principles to the instant case, Plaintiffs cannot be deemed prevailing parties at this time. As the parties and this Court are well-aware, this matter has already been to the Ninth Circuit Court of Appeals, wherein the Court's denial of a preliminary injunction was reversed. After remand, this Court again denied Defendants' motion for preliminary injunction, and that Order is now the subject of a Petition for Writ of Mandamus and a separate appeal. Ninth Circuit Case Nos. 15-72008 and 15-35608. Importantly, also at issue in Defendants' Petition for the Writ of Mandamus is the Court's decision that the one-year non-compete term should not be equitably tolled. In these circumstances, the Court is unable to ignore the potential for a reversal's substantial effect upon the disposition of this action. If the Ninth Circuit determines that Defendants should have received a preliminary injunction, and that such injunction should be tolled, then any relief Plaintiffs enjoyed is a nullity. In other words, had the preliminary injunction issued, Plaintiffs would not have enjoyed any judicially-sanctioned relief.

A case out of the Eighth Circuit Court of Appeals articulates this rationale, albeit in reverse (but analogous) circumstances. In *Pottgen v. Missouri State High School Activities Association*, the plaintiff brought an action against the defendant because it refused to allow him to participate in interscholastic athletics during the 1993-94 school year, citing By-Law 232, which prohibited students 19 years of age or older from participating in interscholastic

sports. 103 F.3d 720, 722 (8th Cir. 1997). The plaintiff obtained a preliminary injunction on the merits, which allowed him to play baseball for his high school baseball team. *Id.* Defendant appealed.

By the time the defendant's appeal of the decision was heard, the baseball season had ended. *Id.* The Eight Circuit nevertheless addressed the appeal because a live controversy existed regarding a portion of the injunction. *Id.* It reversed the preliminary injunction and remanded the case to the district court for further proceedings consistent with its holding. *Id.*

Notwithstanding the reversal, its issuance of an order rescinding all injunctive relief, and its dismissal of the complaint with prejudice, the district court determined that the plaintiff was a prevailing party and awarded him attorneys' fees and expenses. *Id.* The Eighth Circuit reversed the order awarding fees and costs, holding that "the only judgment upon which Pottgen can base a claim of prevailing party status has been reversed, and hence nullified. That judgment therefore does not constitute success on the merits for the purposes of awarding attorney's fees, and Pottgen is consequently not a prevailing party." *Id.* at 724. The *Pottgen* court further explained:

> While we recognize that Pottgen was able to play baseball, this opportunity was the result of an incorrect ruling by the district court. Had it not been for the passage of time between the district court's grant of injunctive relief and this Court's reversal of that relief, MSHSAA could have enforced its By-Law 232 as written against Pottgen. In addition, MSHSAA has in no way been barred from future enforcement of By-Law 232 against any other student. Thus, Pottgen cannot be considered to be prevailing party in any meaningful sense. He got the chance to play baseball only because the district court erred in granting a TRO and preliminary injunctive relief. *A victory of this sort – one due to an incorrect ruling by the district court – is not sufficient to support a finding of prevailing party status.*

ORDER
PAGE - 5

*Id.* at 724 n.14 (emphasis added).  Other District Courts in this Circuit have followed this reasoning.  *See*, *e.g.*, *Korab v. Wong*, 2015 U.S. Dist. LEXIS 92125, *8-16 (D. Haw.  July 15, 2015).

Much like the plaintiffs in *Pottgen* and *Korab*, any success enjoyed by Plaintiffs in this action has been due solely to this Court's multiple denials of a preliminary injunction, which have been and are now currently the subject of a Petition and appeal in the Ninth Circuit Court of Appeals.  While the Court recognizes that in both *Pottgen* and *Korab*, the District Court had already been reversed at the time of considering attorneys' fees and costs, this Court finds that difference insignificant.  Given the procedural posture of the instant matter, the potential that this Court may once again be reversed, and the principles discussed above, the Court finds that Plaintiffs are not prevailing parties at this stage of the litigation and they are not yet entitled to an award of fees and costs.  Having reached this conclusion, the Court does not specifically address Defendants' arguments pertaining to "law of the case doctrine" and judicial estoppel.

### III.   CONCLUSION

Having reviewed Plaintiffs' motion for attorneys' fees and costs, the opposition thereto and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Attorneys' Fees (Dkt. #63) is DENIED.

DATED this 29 day of July 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE